THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BARTON RAY GAINES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-409-Y** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Barton Ray Gaines, TDCJ #1139507, is in custody of the Texas Department of

Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Gaines is serving two thirty-five-year sentences for his 2002 convictions for aggravated

robbery with a deadly weapon in cause numbers 0826979A and 0836985A in the 213th Criminal

District Court of Tarrant County, Texas.  (1Clerk's R. at 86; 2Clerk's R. at 41.)[1]  Gaines appealed

his convictions, but the Second District Court of Appeals affirmed the trial court's judgments on

October 14, 2004, and the Texas Court of Criminal Appeals refused his petition for discretionary

review on May 18, 2005.  *Gaines v. Texas*, Nos. 2-02-498-CR & 2-02-499-CR, slip op. (Tex.

App.–Fort Worth Oct. 14, 2004); *Gaines v. Texas*, PDR Nos. 1787-04 & 1788-04.  Gaines filed this

federal petition for writ of habeas corpus in the Dallas Division on May 4, 2006.[2]  The action was

transferred to this Court by order dated June 9, 2006.

### D.  RULE 5 STATEMENT

Quarterman maintains that Gaines's claims have not been properly exhausted in the state

courts as required by 28 U.S.C. § 2254(b) and (c), and he moves for dismissal of the petition on

exhaustion grounds. (Resp't Motion to Dismiss at 4-7.)

### E.  EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in

state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1), (c)[3]; *Fisher v. Texas*,

---

[1]"1Clerk's R." refers to the trial court clerk's record in cause number 0836979A; "2Clerk's R." refers to the trial court clerk's record in cause number 0836985A.

[2]A prisoner represented by counsel in a habeas corpus proceeding is not entitled to the benefit of the "mailbox rule."  *Cousin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002).

[3]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

169 F.3d 295, 302 (5th Cir. 1999).  A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).  This requires that the state court be given a fair opportunity to pass on the claims, which in turn requires that the applicant present his claims in a procedurally proper manner according to the rules of the state courts.  *See Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Gaines raises two grounds for relief:  (1) he was denied effective assistance of trial counsel, and (2) his conviction was obtained by pleas of guilty that were not made voluntarily, or made with an understanding of the nature of the charges and the consequences of his pleas, due to the acts and/or omissions of trial counsel.  (Petition at 8.)  The record reflects that Gaines has not exhausted his state court remedies in a procedurally correct manner with respect to the claims presented.  Although Gaines raised the issues of ineffectiveness of trial counsel and voluntariness of his pleas in his brief on appeal and his petition for discretionary review, he did not raise the specific claims raised herein.  Consequently, the state's highest court has not been afforded a fair opportunity to

_____

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
.          .          .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

consider the merits of Gaines's claims, and the claims are unexhausted for purposes of federal habeas review. Gaines must first pursue his state habeas corpus remedies before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Gaines, he cannot now proceed in federal court in habeas corpus. Accordingly, dismissal of this petition for lack of exhaustion is warranted so that Gaines can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[4]

In his reply, Gaines requests a stay of the action so that he may return to state court for purposes of exhausting his state remedies. Where a petitioner fails to exhaust his claims in state court, a federal court has the discretion to either stay and abate or dismiss the action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Gaines has not demonstrated circumstances warranting a stay.

## II. RECOMMENDATION

It is therefore recommended that Quarterman's motion to dismiss be GRANTED and Gaines's petition be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

---

[4]28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 10, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 10, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

      SIGNED October 20, 2006.

_____/s/___Charles Bleil_____

CHARLES BLEIL

UNITED STATES MAGISTRATE JUDGE
